## IN THE UNITED STATES COURT FOR THE
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### Civil Action No.: <u>5:06-cv-00032</u>

| | |
|---|---|
| HOWARD J. MIKELS, | ) |
|        Plaintiff, | ) **DEFENDANT UNIQUE TOOL &** |
| | ) **MANUFACTURING CO., INC.'S** |
| v. | ) **ANSWER TO AMENDED** |
| | ) **COMPLAINT AND** |
| UNIQUE TOOL & MANUFACTURING | ) **COUNTERCLAIMS** |
| CO., INC., | ) |
|        Defendant. | ) |

## FIRST AFFIRMATIVE DEFENSE

COMES NOW Defendant Unique Tool & Manufacturing Co. Inc. ("Unique Tool"), by and through its attorneys, and respectfully alleges its Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("Complaint") and Counterclaims, as set forth below. By adopting the headings set forth by the Complaint and Amended Complaint for organizational purposes only, Unique Tool does not admit any of the allegations set forth herein. Unless expressly admitted herein, Unique Tool denies each and every allegation set forth in Plaintiff's Amended Complaint.

    1.    Upon information and belief, admitted.

    2.    Unique Tool admits that defendant is an Ohio Corporation with a principal place of business in Temperance, Michigan. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

    3.    Unique Tool admits that Plaintiff formerly served as one of its sales representatives. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

4. Unique Tool admits that it agreed to compensate and did fully compensate Plaintiff as a sales representative to seek and procure diverse business opportunities. Defendant further admits that it agreed to compensate and did fully compensate Plaintiff for his efforts on the Prodelin Corporation account. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

5. Unique Tool expressly denies that it agreed to pay 5% commissions of all sales of metal stampings to Prodelin Corporation. Unique Tool also expressly denies that it agreed to pay any commissions to Plaintiff for any tools sold to Prodelin Corporation. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

6. Unique Tool admits that it terminated its professional relationship with Plaintiff for cause and/or malfeasance. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

7. Denied.

8. Denied.

**FIRST CAUSE OF ACTION-BREACH OF CONTRACT**

9. Unique Tool incorporates by reference and re-alleges its responses to Paragraph Nos. 1-8 of the Amended Complaint.

10. Denied.

## SECOND CAUSE OF ACTION-VIOLATIONS OF NC COMMISSION PROTECTION ACT

11. Unique Tool incorporates by reference and re-alleges its responses to Paragraph Nos. 1-10 of the Amended Complaint.

12. Unique Tool states that Paragraph No. 12 contains legal conclusions to which no response is required. To the extent that a response is required, Unique Tool admits that Plaintiff was once one of its sales representatives. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

13. Denied.

14. Denied.

15. Unique Tool states that Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, Unique Tool expressly denies that it has ever violated the North Carolina Sales Representatives Commissions Act and admits that it received a certified letter from Attorney Daniel R. Green, Jr. on or about December 27, 2005. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

16. Unique Tool admits that it did not have an opportunity to respond in writing to the demand within fifteen (15) days of its receipt of Plaintiff's counsel's letter. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

17. Unique Tool states that Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, Unique Tool expressly denies that it has ever violated the North Carolina Sales Representatives Commissions Act. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

18. Denied.

19. Unique Tool does not contest this Court's jurisdiction over the subject matter and parties in this action.

20. Unique Tool expressly denies that it has failed to pay Plaintiff any commissions owed to him or has failed to fully disclose information about sales made to Prodelin Corporation for which Plaintiff was entitled to a commission. Further, Unique Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph No. 20 and, therefore, denies the same.

## THIRD CAUSE OF ACTION-FRAUD

21. Unique Tool incorporates by reference and re-alleges its responses to Paragraph Nos. 1-20 of the Amended Complaint.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## FOURTH CAUSE OF ACTION-UNFAIR AND DECEPTIVE TRADE PRACTICES

27. Unique Tool incorporates by reference and re-alleges its responses to Paragraph Nos. 1-26 of the Amended Complaint.

28. Unique Tool expressly denies any fraudulent conduct. Unique Tool also expressly denies that Plaintiff is entitled to receive any additional commissions from Unique Tool. Further, Unique Tool expressly denies that it ever violated North Carolina's Unfair and Deceptive Trade Practices Act. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

4

29. Unique Tool states that Paragraph 29 contains legal conclusions to which no response is required. To the extent that a response is required, Unique Tool expressly denies that it has ever violated North Carolina's Unfair and Deceptive Trade Practices Act. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

30. Denied.

## FIFTH CAUSE OF ACTION-PUNITIVE DAMAGES

31. Unique Tool incorporates by reference and re-alleges its responses to Paragraph Nos. 1-30 of the Amended Complaint.

32. Denied.

33. Denied.

## SIXTH CAUSE OF ACTION-QUANTUM MERUIT

34. Unique Tool incorporates by reference and re-alleges its responses to Paragraph Nos. 1-33 of the Amended Complaint.

35. Unique Tool states that Plaintiff rendered services to the Defendant as a manufacturer's independent sales representative by procuring sales of metal stampings for the Defendant to Prodelin Corporation and that Plaintiff was more than reasonably compensated for his services by Defendant. Unless otherwise expressly admitted, all allegations in this paragraph are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## "WHEREFORE" PARAGRAPH

Unique Tool denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph of Plaintiff's Amended Complaint.

## GENERAL DENIALS

All allegations contained in Plaintiff's Amended Complaint not heretofore specifically admitted, denied, or explained are here and now denied. Unique Tool denies that it is liable for any damages in this case.

## SECOND AFFIRMATIVE DEFENSE

Unique Tool is entitled to a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure of Plaintiff's claim for punitive damages contained in Paragraph 26 because the Amended Complaint fails to comply with the statutory requirements for a valid punitive damages claim as set forth in N.C. Gen. Stat. §§ 1D-5(7) and 1D-15(c) and (d).

## THIRD AFFIRMATIVE DEFENSE

Unique Tool has discharged its obligations under the contract under the doctrine of performance and Unique Tool owes no sum to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged any "substantially aggravating circumstances" that would justify the imposition of section 75-1.1 of the North Carolina General Statutes, and its accompanying provisions, in this breach of contract case.

## FIFTH AFFIRMATIVE DEFENSE

The commissions sought by this action were not supported by valid consideration. Plaintiff has already received commissions on any sales properly attributable to him under the parties' contract. The failure of consideration for any additional commissions bars any recovery from defendant.

## SIXTH AFFIRMATIVE DEFENSE

Defendant has already fully satisfied the contract on which this action is based by paying plaintiff all amounts owed to him under the terms of that contract. No amount remains due to plaintiff. Plaintiff is therefore barred from relief against defendant under the doctrine of discharge by performance or substantial performance.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against defendant are barred by plaintiff's failure to plead performance or occurrence of all conditions precedent to his claims for relief.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to have any recovery by plaintiff for commissions owed to plaintiff offset by any previous overpayment of commissions to plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Imposition of punitive damages against Unique Tool as alleged in this case would violate the United States and North Carolina Constitutions.

## TENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive or exemplary damages, Unique Tool specifically incorporates by reference any and all standards or limitations regarding

the determination and enforceability of punitive or exemplary damages awards under North Carolina law, including the punitive damages cap provided under North Carolina General Statute §§ 1D-25(b) and (c), and any other applicable state law.

## ELEVENTH AFFIRMATIVE DEFENSE

No act or omission of Unique Tool was willful, reckless, intentional, maliciously fraudulent, wanton, despicable, oppressive, careless, gross, grossly negligent, or otherwise morally culpable or done with fraud and/or malice. Unique Tool asserts any statutory or judicial protection from punitive or exemplary damages that is available under applicable law, and any award of punitive or exemplary damages is barred.

## TWELFTH AFFIRMATIVE DEFENSE

The North Carolina Sales Representatives Commissions Act, N.C.G.S. §§ 66-190 – 66-193, violates the Dormant Commerce Clause of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's written demand did not comply with the requirements of the North Carolina Sales Representatives Commissions Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Unique Tool is entitled to a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure of Plaintiff's claim for fraud because the Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent not set forth above, Unique Tool asserts accord and satisfaction as a complete defense to Plaintiff's claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's contractual claims are barred, in whole or in part, by the doctrine of waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's contractual claims are barred, in whole or in part, by subsequent oral and written modifications to the agreement between Plaintiff and Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's contractual claims are barred, in whole or in part, by a novation between Plaintiff and Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged causes of action arose prior to the effective date of the amendment to the section of North Carolina Sales Representatives Commissions Act, N.C.G.S. § 66-192(a) that provides for exemplary damages in excess of the commission

allegedly due to the sales representative. Plaintiff therefore has no right to demand exemplary damages in excess of the commissions allegedly due to him under the North Carolina Sales Representatives Commissions Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred by Plaintiff's allegation of the existence of a valid and enforceable contract between Plaintiff and Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted and the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## RESERVATION AND NON-WAIVER

Defendant reserves any additional and further defenses as may be revealed during discovery or upon receipt of additional information.

## COUNTERCLAIMS AGAINST PLAINTIFF

By way of Counterclaims against Plaintiff, Defendant alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant Unique Tool & Manufacturing Company, Inc. ("Unique Tool") is an Ohio corporation with its principal place of business in Temperance, Michigan.

2. Upon information and belief, Plaintiff Howard J. Mikels ("Mikels") is a resident and domiciliary of Catawba County, North Carolina.

3. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Plaintiff resides in Catawba County, North Carolina, and therefore this Court has personal jurisdiction over him.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**FACTS**

6. As verified by Mikels' testimony given at his August 28, 2006 deposition, in late 2003 or early 2004, Daniel Althaus of Unique Tool presented Mikels with a written agreement that Unique Tool believed to accurately memorialize the terms of the independent sales agreement that then existed between Unique Tool and Mikels at the time ("Written Agreement"). The Written Agreement provided, <u>inter alia</u>, that Mikels would use his best efforts to obtain qualifying customers for Unique Tool, that Mikels would furnish Unique Tool monthly written reports on his activities as a sales representative, and that Mikels would be paid a variable rate of commission on the products covered by the terms of the sales agreement, which included sales of metal stampings to Prodelin Corporation.

7. At the time that Unique Tool presented Mikels with the Written Agreement, Mikels indicated to Daniel Althaus that Mikels would review the agreement and return a signed copy of the Written Agreement to Unique Tool after Mikels had had a chance to review the Written Agreement. As verified by Mikels' August 28, 2006 deposition testimony, at the time Unique Tool provided the Written Agreement, Mikels had no intention of signing the Written Agreement and only represented to Unique Tool that he was considering signing the Written Agreement to attempt to "stall" Unique Tool.

8. After numerous requests by Unique Tool concerning the status of the Written Agreement, Mikels, in an e-mail dated August 9, 2004 to Unique Tool principals

11

Daniel Althaus and Douglas Althaus, and copied to Unique Tool employees Rhonda Geiger and Lorraine Paul, Mikels indicated that he would get Unique Tool what it wanted, i.e. a signed copy of the Written Agreement, no later than August 16, 2006. At the time that Mikels sent his August 16, 2006 e-mail, he had no intention of signing the Written Agreement.

## FIRST COUNTERCLAIM FOR RELIEF--FRAUD

9. Unique Tool hereby incorporates paragraphs 1 through 8 above as if set forth fully herein.

10. Mikels' representations that he would sign the Written Agreement were false and were calculated to deceive Unique Tool. Mikels' repeated representations that he would sign the Written Agreement were further made with the intent to deceive Unique Tool.

11. Unique Tool was in fact deceived by Mikels' false representations and Unique Tool in fact believed that Mikels had agreed, at least in principal, to the material terms set forth in the Written Agreement, including that Mikels agreed to be paid a variable rate of commission on the sales of metal stampings to Prodelin Corporation.

12. Unique Tool detrimentally relied on Mikels' false representations that he would sign the Written Agreement in its bidding on Prodelin projects and on the commission payments it made to Mikels. Unique Tool's detrimental reliance on Mikels' representations that he would sign, and thus be bound by, the Written Agreement presented to him was reasonable.

13. Unique Tool has suffered damages in an amount to be determined at trial as a direct and proximate result of Unique Tool's reliance on Mikels' false representations that he would sign the Written Agreement.

### SECOND COUNTERCLAIM FOR RELIEF--UNFAIR AND/OR DECEPTIVE TRADE PRACTICES

14. Unique Tool hereby incorporates paragraphs 1 through 13 above as if set forth fully herein.

15. At all times relevant to the facts alleged in Unique Tool's Counterclaims, Mikels was engaged in commerce in the State of North Carolina.

16. The actions of Mikels described in Unique Tool's Counterclaims – including his false representations that he would sign the Written Agreement and his subsequent filing of a Complaint against Unique Tool alleging that the terms of agreement between Unique Tool and Mikels were other than what was set forth in that Written Agreement – are unfair or deceptive acts or practices in or affecting commerce within the meaning of N.C. Gen. Stat. § 75-1.1(a) (2003).

17. Unique Tool has suffered actual damages in an amount to be proven at trial as a direct and proximate result of Mikels' actions described above.

18. Mikels engaged in the actions complained of herein both willfully and maliciously.

19. Unique Tool is entitled to recover treble damages for its injuries proximately and directly caused by the above-described actions of Mikels, pursuant to N.C. Gen. Stat. § 75-16 (2003).

20. Unique Tool is entitled to recover from Mikels its costs and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. § 75-16.1 (2003).

WHEREFORE, having fully answered the amended complaint against it, defendant Unique Tool & Manufacturing Co., Inc. respectfully requests:

1. That plaintiff have and recover nothing of this defendant and that the complaint against it be dismissed with prejudice;

2. That defendant have and recover from plaintiff damages in an amount to be proved a trial;

3. That such damages be trebled pursuant to N.C. Gen. Stat. § 75-16 (2003);

4. That defendant have and recover from plaintiff punitive damages on account of plaintiff's fraud and willful and wanton conduct;

5. That defendant be granted a trial by jury;

6. That defendant's costs of this action and attorney's fees be taxed against plaintiff pursuant to N.C.G.S. § 66-192 and § 75-16.1; and

7. That the Court grant this defendant such other and further relief as the Court deems just and proper.

This 30th day of October, 2006.

                    ELLIS & WINTERS, LLP

                    By: s/ George F. Sanderson III
                    George F. Sanderson III
                    N.C. State Bar No. 33054
                    P.O. Box 33550
                    Raleigh, NC 27636
                    Telephone: (919) 865-7000
                    *Attorneys for Defendant Unique Tool &*
                    *Manufacturing Co., Inc.*
                    george.sanderson@elliswinters.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that Defendant Unique Tool & Manufacturing Co., Inc.'s Answer to the Amended Complaint and Counterclaims was served on counsel by electronic means via the Western District of North Carolina's CM/ECF service to the following:

>Daniel R. Green, Jr., Esq.
>Gorham, Crone, Green & Steele, LLP
>Post Office Box 2507
>Hickory, NC  28603
>*Attorney for Plaintiff*
>danrgreen@charter.net

This the 30th day of October, 2006.


>_s/ George F. Sanderson III_____
>George F. Sanderson III